UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JOSHUA DUNN a/k/a <br> JOSHUA P. DUNN a/k/a <br> JOSHUA PAUL DUNN, <br><br>     Plaintiff, <br><br> VS. <br><br> TONY PARKER, ET AL., <br><br>     Defendants. | No. 19-1080-JDT-cgc |

ORDER TO MODIFY THE DOCKET,
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g),
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 2, 2019, Plaintiff Joshua Dunn a/k/a Joshua P. Dunn a/k/a Joshua Paul Dunn,[1] who is incarcerated at the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Clerk shall record the Defendants as Tony Parker, Tennessee Department of Correction (TDOC) Commissioner; Deborah Thompson, TDOC Director of Religious Programs; David Sexton, TDOC Assistant Commissioner of Prisons; CoreCivic; WCF Assistant Warden Nicole Walker; Bobby Leek; WCF Warden Arvil Chapman; Thomas Corman, WCF Health

---

[1] Dunn has previously used these names in cases before this Court and others. *See, e.g., Dunn v. Dotson, et al.*, No. 1:10-cv-1157-JDT-egb (W.D. Tenn); *Dunn v. Schofield, et al.*, No. 3:15-cv-00201-PLR-HBG (E.D. Tenn.). The Clerk is directed to MODIFY the docket to include these aliases.

Administrator; Micheal Williams, Chaplain; Kimberly Goodman, WCF Trust Fund Officer; Jennifer Williams, Case Manager; First Name Unknown (FNU) Hale, Case Manager; FNU Jackson, Case Manager; FNU White, Unit Manager; Correctional Officer Annette Clear; and FNU Jones, a dentist at the WCF.[2]

Under the Prison Litigation Reform Act, §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380

---

[2] Dunn also seeks to sue several "John Doe" or "Jane Doe" Defendants in his complaint. Service of process cannot be made on a fictitious party. The filing of a complaint against a "John/Jane Doe" Defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is directed to terminate the reference to the John Doe and Jane Doe Defendants on the docket.

(6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Dunn has filed four previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[3] Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Dunn asserts five claims for relief in his complaint. He first alleges that on December 15, 23018, he fell off his bunk, hitting the left side of his face and fracturing his jaw bone. (ECF No. 1 at PageID 4, 6.) Though he called for help, Defendant Clear allegedly did not follow proper TDOC policy and denied him medical attention. (*Id.* at PageID 4-5.) Dunn grieved Clear's actions and received a hearing but is dissatisfied with the results. (*Id.* at PageID 5-6.)

Dunn next alleges he has been denied an indigent hygiene pack and that Warden Chapman has failed to correct the actions of his staff in denying Dunn the pack. (*Id.* at PageID 8-12.)

Dunn further alleges various Defendants have denied him a proper halal diet, though other inmates have received one. (*Id.* at PageID 13-14.)

---

[3] Dunn previously filed *Dunn v. Holloway, et al.*, No. 2:15-cv-2304-JDT-cgc (W.D. Tenn. Mar. 13, 2017) (dismissed for failure to state a claim); *Dunn v. Phillips, et al.*, No. 3:16-cv-37-HSM-CCS (E.D. Tenn. May 26, 2016) (dismissed for failure to state a claim), *appeal dismissed*, No. 16-6725 (6th Cir. Jan. 11, 2017); *Dunn v. Schofield, et al.*, No. 3:15-cv-201-PLR-HBG (E.D. Tenn. July 2, 2015) (dismissed for failure to state a claim); and *Dunn v. Dotson, et al.*, No. 1:10-cv-1157-JDT-egb (W.D. Tenn. July 22, 2011) (dismissed for failure to state a claim).

Dunn also alleges that WCF is unsanitary and understaffed, inadequately addresses inmates' health issues, underpays and overworks inmates, and contains at least one hallway that is a fire hazard. (*Id.* at PageID 15-17.)

Last, Dunn alleges that Defendant Jones x-rayed his jaw in December 2018 but did not send him for surgery until February 2019. (*Id.* at PageID 18.) He alleges Defendant Jones delayed the surgery to save money. (*Id.* at PageID 18-19.)

None of these claims sufficiently allege that Dunn was in imminent danger of serious physical injury when his complaint was filed. Though Dunn alleges medical treatment for his jaw was delayed, he eventually did receive surgery. "Assertions of past danger will not satisfy the 'imminent danger' exception." *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011). Dunn does not allege that he currently is in danger of serious injury from the previous delay. Dunn's allegations regarding the WCF grievance system, hygiene pack, and non-halal diet do not assert imminent danger. Dunn's conclusory allegation that a hallway in WCF is a fire hazard also does not sufficiently allege imminent danger. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citing *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008)) ("Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception.").

Dunn's complaint therefore does not come within the exception to 28 U.S.C. § 1915(g), and the Court cannot address its merits unless he first tenders the civil filing fee. Accordingly, Dunn's motion to proceed *in forma pauperis* is DENIED pursuant to § 1915(g). This action is DISMISSED without prejudice. Dunn may, within twenty-eight (28) days after the entry of judgment, re-open the case by filing a motion to re-open accompanied by full payment of the $400 civil filing fee.

The Court hereby CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Dunn in this case would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE